IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| MARIE E. LEE and JESSE LEE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 1:17-cv-00507-DCN |
| | ) | |
| WALMART STORE #795, WALMART | ) | **ORDER** |
| STORES EAST, LP, and WALMART | ) | |
| STORE MANAGER ELAINE DYCHES, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter comes before the court on plaintiffs Marie E. Lee ("Marie Lee") and Jesse Lee's ("Jesse Lee," collectively "the Lees") motion to remand. For the reasons set forth below, the court denies the motion to remand.

## I. BACKGROUND

The instant suit arises from a personal injury that occurred on July 7, 2014 as a result of football helmets falling off a shelf onto the head and face of Marie Lee in Walmart Store #795 located in Barnwell, South Carolina. Marie Lee alleges negligence and gross negligence claims against defendants Walmart Store #795, Walmart Stores East LP, and Walmart employee Elaine Dyches ("Dyches," collectively "defendants"). Jesse Lee also alleges a claim for loss of consortium against defendants.

The Lees filed the complaint in the Orangeburg County Court of Common Pleas on December 28, 2016. Defendants filed a notice of removal on February 22, 2017. The Lees filed this motion to remand on March 15, 2017, to which defendants filed a response on March 30, 2017. The Lees replied on April 6, 2017. At the hearing for this motion on May 30, 2017, the court instructed the parties to depose Dyches so the court could

1

determine if she had enough control over the premises to remain a party in the action or if she was fraudulently joined for the purpose of defeating diversity jurisdiction.[1] ECF No. 22. Dyches's deposition was taken on June 27, 2017. ECF No. 33. For the foregoing reasons, the court denies the motion for remand.

## II.  STANDARD

As the parties seeking to invoke the court's jurisdiction, defendants have the burden of proving jurisdiction upon a motion to remand. <u>Dixon v. Coburg Dairy, Inc.</u>, 369 F.3d 811, 816 (4th Cir. 2004) (citing <u>Mulcahey v. Columbia Organic Chems. Co.</u>, 29 F.3d 148, 151 (4th Cir. 1994)). In deciding the motion, the federal court should construe removal jurisdiction strictly in favor of state court jurisdiction. <u>Id.</u> "If federal jurisdiction is doubtful, a remand is necessary." <u>Mulcahey</u>, 29 F.3d at 151 (citations omitted).

## III.  DISCUSSION

The Lees move for the court to remand this case to the Orangeburg County of Common Pleas, arguing that there is no diversity jurisdiction. Pls.' Mot. 3. The Lees contend that Dyches, a citizen of South Carolina, had sufficient control over the Walmart store to keep her as a named defendant in this case, and that Dyches's deposition supports their argument. According to the Lees, since the Lees and Dyches are both citizens of South Carolina, there is not complete diversity between the parties and thus there is no basis for federal jurisdiction.[2] In response, defendants argue that Dyches, the only non-

---

[1] On June 22, 2017, the Lees filed a motion to amend, and attached a proposed amended complaint naming additional individuals as Walmart store managers. This order addresses only the motion to remand. The motion to alter or amend the complaint remains pending.

[2] The parties agree that there is no federal question jurisdiction here. Were the court to determine that there is no diversity jurisdiction, there would be no other basis for this case to remain in federal court.

2

diverse defendant, is fraudulently joined. Defendants argue that Dyches was a grocery department assistant manager at the time of the incident, and thus had no control over the general merchandise department where Marie Lee was injured. Additionally, defendants contend that Dyches was not working on the day of the incident and therefore not present in the store. Defs.' Mot. 4. Since, defendants argue, the Lees cannot levy a premises liability action against Dyches as a matter of law, the court should find that Dyches was fraudulently joined.

Because the parties do not dispute whether the amount in controversy exceeds $75,000, the only issue before the court is whether there is complete diversity between the parties. A civil case that is otherwise removable solely on the basis of diversity jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, the complaint names "Walmart Store Manager Elaine Dyches" as a defendant, and alleges that Dyches is a "citizen and resident of the County of Barnwell, State of South Carolina." Compl. ¶ 5. Defendants argue that the Lees fraudulently joined Dyches for the sole purpose of defeating diversity jurisdiction. Def.'s Resp. 3. As Dyches is the only non-diverse defendant named in the complaint, if Dyches were removed there would be complete diversity.

To establish fraudulent joinder of a non-diverse defendant, the removing party must establish either that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." Mayes v. Rapoport, 198 F.3d 457, 464 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229,

232 (4th Cir. 1993)). "The burden on the defendant claiming fraudulent joinder is heavy: the defendant must show that the plaintiff cannot establish a claim against the non-diverse defendant even after resolving all issues of fact and law in the plaintiff's favor." Id. (quoting Marshall, 6 F.3d at 232-33). "This standard is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (citation omitted).

Whether an individual has exercised such control of the premises so as to impose a duty to reasonably inspect the premises, a court is to consider the individual's "power or authority to manage, direct, superintend, restrict, regulate, govern, administer, or oversee the management of the property." Benjamin v. Walmart Stores, Inc., 413 F. Supp. 2d 652, 656 (D.S.C. 2006). In Benjamin, a customer who slipped and fell on loose bird seed lying on the floor of a Walmart store in Hardeeville, SC brought a personal injury action in state court against the store, department manager, and an unidentified store employee. Id. at 656–57 (D.S.C. 2006). The Benjamin court held that the Walmart department manager and store employee did not exercise sufficient control "to impose a legal duty to inspect and maintain safe premises," and indeed that "[o]ne does not have an affirmative duty to maintain safe premises of a store merely by virtue of being an employee absent some evidence of more substantial level of control of the business." Id. The Benjamin court further found that under South Carolina law, the department manager and employee had no affirmative duty to act to prevent injuries suffered by a customer absent a showing that the department manager exerted an "unusual" level of control over the premises.

In Cook v. Lowe's Home Centers, Inc., 2006 WL 3098773, at *4 (D.S.C. Oct. 30, 2006), the court applied the rule set forth in Benjamin to remand a case where the defendant was a store manager as opposed to a manager of one department, reasoning that "by virtue of that position [the store manager] has a high level of control over the store." Similarly, in Mobley v. Wal-Mart Stores, Inc., 2010 WL 503101, at *5 (D.S.C. Feb. 8, 2010) the court applied Benjamin in finding that a Walmart store manager in Georgetown, South Carolina was a proper defendant in a case alleging negligence on the part of defendants for failure to discover, warn against, or repair the uneven condition of a parking lot surface.

When determining whether attempted joinder is fraudulent, the court "may consider the entire record, and determine the basis of joinder by any means available." Mayes, 198 F.3d at 464 (internal citation and quotation omitted). As such, a review of Dyches's deposition is relevant to the court's determination. The deposition reveals that at the time of the incident, Dyches was employed as a grocery department assistant manager. Here, like the department manager in Benjamin, it is clear that at the time of the incident, Dyches was employed as the manager of the grocery department and not as a store manager. Depo. 8:5–6; Depo. 11: 17–19. Dyches testifies that at the time of the incident her responsibilities included "making sure modular [in the grocery department] are completed, [and to] stock shelves and zone the areas and keep it safe for customers." Depo. 20:16–22:17. Unlike the store managers in Cook and Mobley that were found to exert sufficient control over the premises to be properly named as a defendant, the deposition confirms that Dyches was a department manager. According to Dyches's deposition, the sporting goods department, where the incident occurred, was four

departments away "over in the right-hand corner at the back of the store" "at the opposite side of the grocery department." Depo. 22:20–25:16. Indeed, Dyches was not employed as an assistant store manager until April 2016, almost two years after the incident occurred. Depo. 7:21–8:2. Dyche's deposition provides an explanation of the roles and responsibilities of a department assistant manager as compared to a store manager. 22:20–25:16. This includes a difference in pay level, as department managers are paid hourly while assistant store managers receive a salary. Depo 16:21–23. The deposition also defines what a work order is, and Dyches clarifies that she never signed a work order in the sporting goods department. Depo. 61:20–62:2. Finally, the deposition reveals that Dyches was not even working at the time of the incident. Depo. 49:25–50:7.

  The court finds that under the rule articulated in <u>Benjamin</u>, there is no possibility that the Lees would be able to establish a cause of action against Dyches in state court. Therefore, Dyches is not a proper party to this lawsuit.

## IV.     CONCLUSION

For the reasons set forth above, the court **DENIES** the motion to remand.

**AND IT IS SO ORDERED**.

                                                    **DAVID C. NORTON**
                                                    **UNITED STATES DISTRICT JUDGE**

**October 31, 2017**
**Charleston, South Carolina**